JOURNAL ENTRY AND OPINION
{¶ 1} Appellant David Gusman appeals the probate court's granting summary judgment in favor of appellee Strongsville Board of Education. Gusman assigns the following errors for our review:
 {¶ 2} "I. It was error for the trial court to fail to exercise its jurisdiction to fill a vacancy on the Strongsville School Board in this case."
 {¶ 3} "II. The trial court erred in concluding, as a matter of law, that the Strongsville Board of Education did not accept the resignation of Appellee Grady."
 {¶ 4} "III. The trial court erred in concluding, as a matter of law, that Appellee Grady rescinded her resignation, when such purported rescission violated the Ohio Sunshine Law."
 {¶ 5} "IV. As a matter of law the trial court erred in concluding that the Strongsville Board of Education had the power to permit rescission of Appellee Grady's resignation by implication, or otherwise, under the rule of Verberg."
 {¶ 6} "V. The trial court erred in concluding, as a matter of law, that the Strongsville Board of Education could act to fill the vacancy created through its prior acceptance of Appellee Grady's resignation other than at a meeting conducted between October 11, 2002 and October 31, 2002."
 {¶ 7} "VI. The trial court erred in concluding, as a matter of law, that the Strongsville Board of Education implicitly accepted Appellee Grady's purported rescission of her resignation without a formal roll-call vote."
 {¶ 8} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 9} Appellant David Gusman is a resident of the City of Strongsville, Ohio. He was among fourteen candidates interviewed as a possible replacement for the vacancy on the city's school board. Gusman had previously applied for the position as a school board member and was not selected. The second time, which is the subject of this appeal, he was excluded from the second round of interviews where the top five candidates were selected.[1]
 {¶ 10} The Strongsville Board of Education is an elected board of education formed under Ohio law to govern the public schools of the
 {¶ 11} City of Strongsville, Ohio. At the beginning of 2002, the following individuals comprised the Board: Colleen Grady, Sharon Baker, Beatrice Hovanec, William White, and David Dahler, then president of the Board.
 {¶ 12} In January 2002, David Dahler announced to his fellow board members he would most likely be relocating to Chicago, Illinois at some point later in the year. Consequently, between January and April of 2002, the board members began to consider the interview process that would be used to select a successor.
 {¶ 13} On April 20, 2002, Colleen Grady, a board member since January 1994, submitted a message of resignation via e-mail to the District Treasurer, David Mattingly. Grady stated she and her family would be obligated to move to another state because of work force changes at her husband's employment. The resignation was to be effective October 1, 2002.
 {¶ 14} At a board meeting on May 16, 2002, fellow board member Sharon Baker outlined the process and associated interview schedule to be used to select candidates for anticipated vacancies on the board. At this meeting, the Board passed a resolution designating June 19, 2002 as a joint candidate information night and special board meeting. Baker stated in May 2002, she drafted a standard letter sent to candidates interested in interviewing for board seats. She stated she purposely phrased this letter to apply to any board seats that became vacant in 2002.
 {¶ 15} In July 2002, Grady realized her family would not need to relocate to another state. Consequently, on July 22, 2002, Grady personally delivered to David Mattingly and fellow board members a statement rescinding the earlier letter of resignation. The rescission was to be effective immediately. Grady announced her intention to remain on the board to the other members at the board meeting that same day.
 {¶ 16} On July 22, 2002, the Board began interviewing interested candidates. Baker stated she wrote a comment on the page of questions she had prepared to interview possible candidates as reminder to her to inform each of them Grady had rescinded her resignation, and only one seat was available. She stated she informed each interviewed candidate, including Gusman, only one board seat was available. Finally, she stated that follow up letters referred solely and explicitly to the vacancy to be created by Dahler's anticipated departure.
 {¶ 17} The Board ultimately chose Wayne Belock to fill the vacancy due to Dahler's departure, and chose Grady as president of the Board. Consequently, Gusman filed suit in the probate court to remove Grady from the seat on the Board. After considerable pretrial litigation, the parties filed cross motions for summary judgment. The trial court granted summary judgment in favor of the Board and denied Gusman's motion. Gusman now appeals.
 {¶ 18} We consider an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[4]
 {¶ 19} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] The movant may satisfy this burden with or without supporting affidavits, and must "point to evidentiary materials of the type listed in Civ.R. 56(E)."[6] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[7] In satisfying its burden, the non-movant "may not rest upon the mere allegations or denials of his pleadings, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."[8]
 {¶ 20} Rather than accepting either party's allegations as true, or interpreting divergent factual representations as genuine issues of material fact, we review the entire record and determine whether each party met their respective summary judgment burdens.
 {¶ 21} Central to Gusman's assigned errors is his contention the Board accepted Grady's resignation thus, her later rescission was invalid. Gusman alleges in his second assigned error the Board accepted Grady's resignation.
 {¶ 22} We found no law in Ohio with respect to when is the acceptance of resignation of an elected official binding. Thus, for our analysis, we rely on the precedents and subsequent case law pertaining to public employees.
 {¶ 23} With respect to withdrawal or rescission of a resignation made by a public employee, the Supreme Court of Ohio has held: "(1) a public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has not accepted such tender of resignation. (2) acceptance of a tender of resignation from public employment occurs where the public employer or its designated agent initiates some type of affirmative action, preferable in writing, that clearly indicates to the employee that the tender of resignation is accepted by the employer."[9]
 {¶ 24} In our view, the crucial factor in determining the legal effectiveness of a withdrawal of resignation from public employment prior to its effective date, is the manner of acceptance conveyed by the employer to the employee. In this vein, we are of the opinion that acceptance of a tender of resignation from public employment should be more than simply the receipt of the letter of resignation. Acceptance of a resignation should be in writing, it should encompass some type of affirmative act that clearly indicates that the tender of resignation is accepted by someone empowered by the public employer to do so.[10]
Absent acceptance in this manner, the public employee should be free to withdraw his or her tender of resignation prior to its purported effective date.
 {¶ 25} The Davis Court set a very high standard for the establishment of formal acceptance; a standard we conclude was not reached in the instant case. A review of the record reveals that when the Board received Grady's announced resignation, they were making preparations to resolve the resignation of their board president, and as part of this preparation, they passed resolutions designating the date of the information nights and the interview process. The record is devoid of any resolution being made accepting Grady's resignation. Further, the Board did not give Grady a written acceptance as required by the Davis
Court.
 {¶ 26} Grady rescinded her resignation a full two months prior to her announced effective date. The rescission occurred on the date the interview process began. Fellow board member, Sharon Baker, stated she made a notation on the list of questions she had prepared for the interview as a reminder to tell the candidates Grady was not resigning. The Board informed each candidate there was only one board seat available, that of then board president, Dahler. All the follow up correspondence referred solely and explicitly to the vacancy that would be created by Dahler's resignation.
 {¶ 27} We conclude none of the actions the Board took signaled they accepted Grady's resignation in the manner proscribed by the Davis
Court. Thus, Grady could effectively rescind her resignation, and the Board was free to accept it.
 {¶ 28} Gusman's second assigned error is overruled.
 {¶ 29} Gusman urges this court in his third, fourth, and sixth assigned errors that we adopt the position that the Board implicitly accepted Grady's resignation. In light of Davis we decline to adopt this reasoning. Furthermore, the record does not indicate an implicit acceptance of Grady's resignation.
 {¶ 30} The trial court ruled "if a resignation could be accepted by implication the rescission of the resignation can be accepted by implication."[11] When Grady announced she was not relocating, the Board informed the candidates only one seat was available. Additionally, all the follow up letters the Board sent out after the first round of interviews referred specifically to the board seat becoming vacant due to Dahler's anticipated departure. Finally, the Board allowed Grady, a three time elected member, to become the president of the Board. These actions signify the Board implicitly accepted Grady's recission.
 {¶ 31} Gusman also asserts the Board did not have authority underVerberg vs. Board of Education[12] to accept Grady's rescission. Verberg is inapplicable to the case at bar. Verberg stands for the principle that a board cannot go beyond the powers clearly and expressly granted by statute. Here, allowing Grady to rescind her resignation was within the scope of their statutory powers.
 {¶ 32} Gusman also asserts Grady's rescission violated the Ohio Sunshine Law. R.C. 121.22(B)(1)(a) requires all board of education meetings to be public meetings and open to the public at all times. Gusman contends the Board violated the Ohio Sunshine Law by acting on Grady's rescission in private. However, a review of the record reveals Grady submitted her rescission to the District Treasurer, then furnished copies to fellow board members, and made a public announcement at the board meeting. None of the actions taken either by the Board or by Grady was secretive. Since all actions taken by either party were done with public knowledge, the Board complied with the statute, and thus, Gusman's contention is invalid.
 {¶ 33} Gusman's third, fourth and sixth assigned errors are overruled.
 {¶ 34} Finally, we address Gusman's first and fifth assigned errors together. The central theme of both assigned errors is the contention that there existed more than one vacancy on the Board. Having determined Grady's resignation was not accepted in the manner set forth in Davis,
making her free to rescind prior to the effective date, no vacancy was thereby created. Since no vacancy was created except by Dahler's departure, there existed no reason for the trial court to assume jurisdiction in order to perform a useless act, nor for the Board to fill a vacancy other than that created by Dahler.
 {¶ 35} We also emphasize Grady was elected by the people of Strongsville, and although the Board may replace a vacancy, we conclude Grady's seat had not been vacated. At the time of the interviews, the Board members were under the belief that only one vacancy existed. From the Board's actions and minutes it only acted to fill one seat, the one vacated by the President.
 {¶ 36} Gusman's second and fifth assigned errors are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Probate Court Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., J., and Anthony O. Calabrese, Jr., J., concur.
[1] Therefore this appeal will have no effect on Gusman's propects to fill the vacant seat. However, because the issue on appeal is capable of repetition, yet evading review we will address the appeal. State ex rel.Plain Dealer Publishing Company v. Barnes (1998), 38 Ohio St.3d 165.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] Id. at 292.
[7] Id. at 293.
[8] Civ.R. 56(E); See Dresher.
[9] Davis v. Marion Cty. Engineer (1991), 60 Ohio St.3d 53.
[10] See Reiter v. State, ex rel. (1894), 51 Ohio St. 74, 36, paragraph one of the syllabus.
[11] Probate Court Judgment Entry P.8.
[12] (1939) 135 Ohio St. 246.