DECISION AND JUDGMENT ENTRY
{¶ 1} Nasrin Afjeh, pro se, appeals from a judgment of the Lucas County Court of Common Pleas that granted summary judgment to appellee, village of Ottawa Hills ("Village"). Because we conclude that Afjeh had an adequate remedy at law, we affirm.
 {¶ 2} In 2000, Afjeh filed an application for a zoning permit with the Village to build an addition to the front and rear of her and her husband's house.[1] The Village alleged that the application was deficient in a number of areas, most of which concerned the front addition. Correspondence regarding these deficiencies ensued between Afjeh and the village manager, Marc Thompson, who also serves as the building commissioner. In June 2002, Afjeh informed the Village that she and her husband had decided to forego the front addition and requested that a permit be issued for the rear addition. In a letter dated June 5, 2002, Thompson informed Afjeh that no zoning or building permits would be issued until Afjeh ceased and desisted from any further construction and restored the premises to its original condition. In July, Afjeh again requested that the permit be issued. Thompson responded that no permit would be issued until she complied with his June 5 letter. Afjeh and her husband filed a pro se complaint in mandamus against the Village, requesting that the trial court issue a writ of mandamus directing the Village to issue a zoning permit to them. The Village filed a motion for summary judgment. The trial court determined that Afjeh and her husband had an adequate remedy at law and granted the motion.
 {¶ 3} On appeal,[2] Afjeh set forth the following two assignments of error:
 {¶ 4} "I. The court below erred in granting summary judgment dismissing appellant's action for mandamus and holding that appellant failed to exhaust an appeal to the Village of Ottawa Hills Zoning Commission from the building commissioner's denial of appellant's application for a building or zoning permit when genuine issues of fact existed whether communications by the village manager to appellant constituted a `ruling or decision,' by the `building commissioner' of sufficient clarity to notify appellant of the running of time for filing an appeal.
 {¶ 5} "II. The court below erred in failing to grant appellant's motion to amend appellant's complaint to add as a party defendant the village of Ottawa Hills building commissioner and to dismiss as a party defendant, the village of Ottawa Hills."
 {¶ 6} In the first assignment of error, Afjeh challenges the trial court's decision to grant summary judgment to the Village on her complaint for a writ of mandamus. Afjeh argues that the trial court failed to construe the evidence most strongly in her favor and that there were genuine issues of material fact on the issue of whether she had an adequate remedy at law.
 {¶ 7} A review of the trial court's granting of summary judgment is de novo, and thus, we apply the same standard as the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111.
 {¶ 8} The purpose of a writ of mandamus is to compel the performance of an act which the law specifically requires to be performed as a duty resulting from an office, trust, or station.State ex rel. Williams v. Brown (1977), 52 Ohio St.2d 13, 15. In order to establish a right to a writ of mandamus, a relator must demonstrate (1) a clear legal right to the relief prayed for, (2) that the respondent is under a clear legal duty to perform the requested act, and (3) that relator has no plain and adequate remedy in the ordinary course of law. State ex rel.Karmasu v. Tate (1992), 83 Ohio App.3d 199, 202. Mandamus is no substitute for appeal, State ex rel. Casey v. Court of Appeals
(1972), 29 Ohio St.2d 90, 91, and is unavailable where there is a plain and adequate remedy in the course of law. Lippert v.Engle (1977), 52 Ohio St.2d 67.
 {¶ 9} The trial court noted that the Village's Ordinance No. 78-5 at Section 11.4 provides that an "[a]ppeal from a ruling or decision of the Building Commissioner may be taken to the Zoning Commission within ten (10) days of said decision by filing with the Building commissioner and with the Zoning Commission a Notice of Appeal specifying the decision or order appealed from." The trial court determined that in his June 5 and July 23 letters Thompson did decide to deny the permit application and that the Afjehs could have appealed that decision to the zoning commission. Because Afjeh had a right of appeal, the trial court found that Afjeh had an adequate legal remedy and was not entitled to a writ of mandamus.
 {¶ 10} Thompson's June 5 letter states:
 {¶ 11} "This letter will serve as a follow-up to my earlier letter to you dated May 21, 2002 relative to the illegal and unauthorized construction work undertaken by Mrs. Afjeh in the rear and side yards of your residence situated at 3616 W. Bancroft Street. Not only have you continued to ignore the initial stop work notice which I sent to you but, in addition, you have undertaken further construction by erecting large wooden posts in the front yard close to your driveway.
 {¶ 12} "As a result of this unauthorized and illegal construction, you are hereby notified as follows:
 {¶ 13} "1. You are hereby ORDERED to immediately cease and desist from all further construction of any and all kind at any and all locations on your property situated at 3616 West Bancroft Street until such time as a permit has been issued.
 {¶ 14} "2. You are hereby ORDERED andDIRECTED to restore your property to the condition that it was in prior to the commencement of the illegal and unauthorized construction and to remove all poles, posts, and any other structures or materials erected in conjunction with the unauthorized construction.
 {¶ 15} "3. You must comply with these ORDERS on or before Friday, June 7, 2002 at 6:00 p.m.
 {¶ 16} "4. Until such time as you have fully complied with all of the above ORDERS, no zoning permits or building permits will be issued by the Village for your residence situated at 3616 West Bancroft Street.
 {¶ 17} "If you timely fail [sic] to comply with theseORDERS then the Village will have no alternative but to take appropriate action to correct your illegal and unauthorized actions."
 {¶ 18} Thompson's July 23 letter reads:
 {¶ 19} "This letter is in response to your correspondence of July 22, 2002 regarding a pending application for a zoning permit.
 {¶ 20} "I call your attention to my correspondence dated June 5, 2002 which stated that no zoning permits or building permits will be issued until such time as the orders contained in the June 5th letter are fully complied with.
 {¶ 21} "Please contact me when you have complied with the requirements of my June 5th correspondence. At that time I will inspect the property."
 {¶ 22} Afjeh does not dispute that the Village's zoning ordinance allows for an appeal from the decision of the building commissioner. She contends, however, that there was a genuine issue of material fact on whether she had an adequate remedy at law because the June 5 and July 23 letters were allegedly unclear. She argues this because (1) the letters did not indicate on their face that they were written by the "building commissioner," the person authorized to issue a decision; (2) the statement "no zoning or building permits will be issued by the village for your residence" could have referred to the erection of the poles and not to the backyard addition; (3) the reference to the illegal construction could have led a reasonable person to believe the letters referred only to those matters and not the rear addition; and (4) the letter was written in the future tense so a reasonable person could have believed it referred to some future application for a permit. As a result of these alleged ambiguities, she contends that she did not know her time for appeal to the zoning commission had commenced. Afjeh maintains that the trial court should have construed all ambiguities in her favor and denied the Village's motion for summary judgment.
 {¶ 23} Afjeh's contentions are not persuasive. First, the argument that by failing to sign the letters as building commissioner Thompson sent "ambiguous" letters is being raised for the first time on appeal. Arguments that parties raise for the first time on appeal will not be considered by an appellate court. State ex rel. Quarto Mining Co. v. Foreman (1997),79 Ohio St.3d 78, 81. Despite the fact that appellate courts review summary judgment decisions de novo, "the parties are not given a second chance to raise arguments that they should have raised below." Aubin v. Metzger, 3rd Dist. No. 1-03-08, 2003-Ohio-5130 at ¶ 10. Furthermore, in her memorandum in opposition to the Village's motion for summary judgment, Afjeh indicates an understanding that the village manager also serves as the building commissioner. Afjeh also corresponded with Thompson for over two years regarding her permit application, something she would hardly do unless she believed he had authority to decide on the permit application.
 {¶ 24} In the second and third arguments, Afjeh contends that the June 5 and July 23 letters are ambiguous because they could be interpreted as referring solely to the erection of the poles or the "illegal" construction since the rear addition permit was not specifically mentioned. Rather than accepting either party's allegations as true, or interpreting divergent factual representations as genuine issues of material fact, we review the entire record and determine whether the parties met their respective summary judgment burdens. Gusman v. Strongsville Bd.of Edn., 8th Dist. No. 83042, 2003-Ohio-7077 at ¶ 20. As there is no evidence in the record that Afjeh had any other pending permit applications before the building commissioner, the reference to zoning or building permits applies only to the rear addition permit application.
 {¶ 25} Fourth, Afjeh argues that both letters are ambiguous because the statement "no zoning or building permits will be issued" is stated in the future tense and does not actually deny the pending permit application. This argument also lacks merit. The letters sufficiently indicate a denial of the permit application. Even if we were to find the June 5 letter ambiguous with regard to whether Thompson had "ruled" on the application for the backyard addition, Thompson's July 23 letter clarifies it. This letter was issued in specific response to Afjeh's July request for a ruling on her application for a zoning permit. The July 23 reiterated that a permit would not be issued until Afjeh ceased their "illegal" construction. As Afjeh believed that this was not a valid reason to deny her application for a permit, she was required to appeal that decision to the zoning commission.
 {¶ 26} In addition, Afjeh's complaint does not request a writ to order the Village to rule on their application. Instead, the complaint asks that the Village be ordered to issue a permit because the "refusal to issue the zoning permit constitutes a violation of a duty specifically enjoined by law." This allegation in the complaint indicates that Afjeh understood there had been a ruling on their application. Afjeh's recourse was to appeal that ruling to the zoning commission.
 {¶ 27} We, therefore, find that the first assignment of error is not well taken.
 {¶ 28} In the second assignment of error, Afjeh contends that the trial court should have allowed her to amend the complaint to add Thompson as a defendant. The trial court had denied this motion on the basis that amending the complaint as proposed would not cure its defect because Afjeh had an adequate remedy of law. We agree. Allowing Afjeh to add the building commissioner as a defendant does not change the fact that she is not entitled to a writ of mandamus. We, therefore, find the second assignment of error not well taken.
 {¶ 29} Upon consideration, we overrule both assignments of error and find that substantial justice was done appellant. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Judith Ann Lanzinger, J., ArleneSinger, J. Concur.
[1] The actual permit application itself is not part of the record.
[2] Only Nasrin Afjeh filed a notice of appeal of the trial court's ruling. Her husband is not a party to this appeal.