[Cite as *Treasurer of Lucas Cty. v. Sheehan*, 2020-Ohio-3493.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Treasurer of Lucas County, Ohio                     Court of Appeals No. L-18-1176

      Appellee                                         Trial Court No. TF0201701519

v.

Thomas K. Sheehan, et al.                           **DECISION AND JUDGMENT**

      Appellant                                        Decided:  June 26, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
John A. Borell, Assistant Prosecuting Attorney, for appellee.

Thomas K. Sheehan, pro se.

* * * * *

**MAYLE, J.**

### Introduction

**{¶ 1}** In this tax foreclosure case, the defendant-appellant, Thomas K. Sheehan, appeals a judgment by the Lucas County Court of Common Pleas granting summary judgment to the plaintiff-appellee, Treasurer of Lucas County, Ohio.  The trial court

determined that there was no genuine issue of material fact that Sheehan was delinquent in his payment of unpaid taxes, special assessments, penalties and interest in the total amount of $8,862.90 and that appellee was entitled to judgment as a matter of law. It ordered that the property be sold and Sheehan's interest foreclosed, unless he paid the total outstanding sum to the treasurer within the timeline set forth in the order. On appeal, Sheehan argues that the trial court erred in granting judgment for appellee. For the following reasons, we affirm the trial court's judgment.

## Background

{¶ 2} Sheehan and his wife, Kelly A. Sheehan (collectively referred to as "the Sheehans"), are the owners of real property located at 8315 Hidden Forest Drive, Holland, Ohio 43528. On August 12, 2015, the Sheehans and appellee entered into a "written delinquent tax contract" pursuant to R.C. 323.31(A)(1). Generally, the statute provides residential property owners a one-time-right to enter into an agreement with the county treasurer "to pay any delinquent or unpaid current taxes." A taxpayer's failure to make "an installment" under the contract renders the contract "void." R.C. 323.31(A)(6). In this case, the contract between the parties required the Sheehans to make 24 monthly payments in the amount of $808.04. According to the record, the Sheehans made 17 of the 24 payments and then stopped paying based upon Sheehan's belief that the debt had been "paid in full."

{¶ 3} As a result of their failure to pay their property taxes and related charges, appellee, acting through the Lucas County Prosecutor's Office, instituted this tax

foreclosure proceeding against the Sheehans on July 25, 2017. In its complaint, appellee asserted that taxes, assessments, penalties, interest, and charges upon the property had not been paid for more than one year after the property was duly certified as delinquent. Appellee further asserted that the Lucas County Auditor had filed with the Lucas County Prosecutor a "master list" of real property parcels located in Lucas County which were delinquent in the payment of real estate taxes and assessments. Appellee attached to the complaint the relevant portion of the master list regarding the Sheehans' real estate delinquency, identified as "Preliminary Judicial Report, SCHEDULE B." It indicates that, at the time the complaint was filed, the Sheehans owed the sum of $4,881.09 in delinquent taxes, assessments, penalties, and interest. Appellee claimed a valid first lien against the property and demanded that its lien be foreclosed and the property sold to satisfy the lien.

{¶ 4} Sheehan filed an answer, pro se, on behalf of himself only. On December 1, 2017, appellee filed a motion for default judgment against Kelly Sheehan and a motion for summary judgment as to Thomas Sheehan. In support of its motion for summary judgment, appellee argued that, pursuant to R.C. 5721.18(A), the Lucas County Auditor's master list of tax delinquencies was prima facie evidence of the amount and validity of taxes, assessments, penalties and interest due and unpaid in a foreclosure action. Attached to the motion for summary judgment was a certified copy of the master list and the affidavit of Ruth A. Seth, a deputy treasurer in the office of the Treasurer of Lucas

3.

County, Ohio who attested that the total outstanding amount was, as of the date of the motion, $8,289.03.

{¶ 5} The Sheehans retained counsel and opposed the summary judgment motion. While they admitted that the property taxes were delinquent and did not dispute the amount owed, they argued that appellee's statutory right to foreclose should be denied on equitable grounds. Specifically, the Sheehans argued that appellee had been "derelict" in failing to respond to their repeated requests for an accounting, and based upon appellee's silence, they were justified in discontinuing making payments on the delinquent tax contract. The Sheehans argued that appellee should not be rewarded for its "bad faith conduct."

{¶ 6} On July 20, 2018, the trial court granted appellee's motion for summary judgment and entered a decree of foreclosure. The court determined that there was due and owing as of that date, the total sum of $8,862.90 for delinquent taxes, special assessments, penalties and interest. It held that unless Sheehan paid the amount due within the timelines set forth therein, appellee was entitled to have the delinquent taxes, special assessments, penalties and interest foreclosed and to have the real estate sold at a sheriff's sale. As to Kelly Sheehan, the court found her in default of an answer and barred her from asserting any interest in and to the real estate described in the complaint.

{¶ 7} Thomas Sheehan appealed, pro se, and raises six assignments of error for our review:

4.

(1) Court erred when it did not rule on a Motion to deny withdraw of Appellant legal counsel days before ruling on Appellee's Motion for Summary Judgment leaving Appellant and his wife without legal representation and the ability to file counterclaims as outlined in the original answer to the complaint filed by Appellant (Defendant's Answers, Affirmative Defenses and Counterclaims filed 10-25-17, Motion to Deny Withdrawal of Legal Counsel filed 7-12-18).

(2) Court erred when it did not rule on the Motion for Continuance which again included the lack of competent legal representation for Appellant and his wife (Motion for Continuance filed 7-13-18).

(3) Court erred when it ruled in favor of Appellee in spite of receiving overwhelming evidence the Appellee breached its fiduciary responsibilities and engaged in inequitable conduct by not responding to Appellant's numerous requests for payment assistance and waivers of penalty and interest as outlined in the Ohio Revised Code and addressed on the Appellee's website (Judgment Entry of Foreclosure with Order to Sheriff file 7-13-18).

(4) Court erred when it ruled in favor of Appellee after learning that the Payment Agreement that the Appellee used as the basis for its foreclosure action through payment default was signed under duress with an absolute threat by the Appellee to withdraw the offer of payment if not

signed immediately denying Appellant the ability for legal representation nor providing the basis for the dollar amounts contained in the Agreement and advising Appellant that, without a signature, the property would be lost by Appellant and his wife. (Judgment Entry of Foreclosure with Order to Sheriff filed 7-13-18).

(5) Court erred when it ruled in favor of Appellee after learning that Appellee breached its contractual obligation that, in exchange for a signature on the Payment Agreement to avoid loss of property, would provide a timely total accounting of the disputed balance and would consider waiver of penalty and interest. Appellee failed to do either. (Judgment Entry of Foreclosure with Order to Sheriff filed 7-13-18).

(6) Court erred when it ruled in favor of Appellee after being presented with correspondences from Appellant the [sic] genuinely disputed the tax balance noting the resulting passage of time used by Appellee to default the disputed Payment Agreement and while still in negotiations and discussions between the parties, Appellant was deceived by Appellee as it planned to file the foreclosure action all along. (Judgment Entry of Foreclosure with Order to Sheriff filed 7-13-18).

**Analysis**

**I. The trial court did not err when it allowed appellant's counsel to withdraw.**

{¶ 8} In his first assignment of error, Sheehan argues that the trial court "did not rule on a Motion to deny withdraw (sic) of Appellant legal counsel days before ruling on Appellee's Motion for Summary Judgment."

{¶ 9} Sheehan's "motion to deny withdrawal of legal counsel," however, was not a "motion," but rather an objection to his trial counsel's "motion to withdraw as legal counsel for defendants Thomas K. Sheehan and Kelly A. Sheehan." Counsel filed and served the motion on June 26, 2018, and asserted that the Sheehans would not be adversely affected by his withdrawal inasmuch as counsel had prepared and filed an objection to appellee's motion for summary judgment. Counsel also asserted that the Sheehans did not give their consent to the withdrawal motion. By local rule, an objection to the motion was due "within 14 days after service," i.e., by July 10, 2018. (Lucas County Common Pleas Gen. R. 5.04(D)). The trial court granted the motion to withdraw on July 11, 2018, after it was decisional. Sheehan filed an objection on July 12, 2018. Without providing any detail, Sheehan argued that trial counsel's withdrawal "would not be appropriate at this time."

{¶ 10} The decision whether to grant a motion to withdraw by counsel rests within the sound discretion of the trial court. *Kott Enterprises, Inc. v. Brady*, 6th Dist. Lucas No. L-03-1342, 2004-Ohio-7160, ¶ 28. A trial court will not be found to have abused its

7.

discretion unless its decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} On appeal, Sheehan argues that the trial court denied "his right to legal counsel." However, "[t]here is no generalized right to counsel in civil litigation." *Kott* at ¶ 29, citing *State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (1987). Moreover, Sheehan has no cause to complain that the court granted trial counsel's motion, given the absence of a timely objection. Finally, we note that counsel did not withdraw from the case until after he had filed a memorandum opposing summary judgment that was fully supported with affidavit testimony and a dozen exhibits. For these reasons, we find that the trial court did not abuse its discretion in granting counsel's motion to withdraw. Sheehan's first assignment of error is not well-taken.

## II. The trial court did not err by denying Sheehan's motion for continuance.

{¶ 12} In his second assignment of error, Sheehan argues that the trial court erred in failing to rule on his motion for a continuance. When a trial court fails to rule on a motion, the motion is considered denied. *CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839, 962 N.E.2d 327, ¶ 7 (8th Dist.). The standard of review for the denial of a motion for a continuance is whether the trial court abused its discretion. *In re M.M.*, 6th Dist. Wood No. WD0-09-014, 2009-Ohio-3400, ¶ 24.

{¶ 13} Here, Sheehan filed a motion on July 13, 2018, to continue the July 17, 2018 trial date. Sheehan complained that his former counsel had abruptly withdrawn and had "refused" to pursue certain (unidentified) counterclaims. Sheehan argued that

8.

additional time was needed to secure alternative counsel and to "mount a vigorous defense."

{¶ 14} Although the record does not reflect that the trial court ruled on the motion, the trial did not go forward as scheduled. Further, on July 20, 2018, the trial court granted appellee's motion for summary judgment, which obviated the need for a trial. We see no evidence of an abuse of discretion by the trial court, and we find Sheehan's second assignment of error not well-taken.

**III. The trial court did not err in granting summary judgment to appellee.**

{¶ 15} In assignments of error Nos. 3 through 6, Sheehan argues that the trial court erred in granting appellee's motion for summary judgment because appellee engaged in multiple acts of malfeasance. In order, Sheehan accuses appellee of breaching its fiduciary duty to Sheehan, of coercing Sheehan into accepting the terms of the delinquent tax contract, of breaching the terms of that contract, and of deceiving Sheehan into believing that a settlement could be reached while simultaneously preparing to file suit. Nowhere, however, does Sheehan address the merits of appellee's motion for summary judgment, and we begin there.

{¶ 16} We review a trial court's entry of summary judgment de novo, using the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment may only be granted when the following is established: "(1) there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come

9.

to but one conclusion, and the conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(E).

{¶ 17} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the non-moving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292. Once the moving party satisfies this burden, the non-moving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293; Civ.R. 56(E). The non-moving party may not rest upon the mere allegations or denials in his pleadings, but instead must submit evidence as outlined in Civ.R. 56(C). *Id.*

{¶ 18} The procedure to be followed with regard to foreclosure of delinquent land is found in R.C. 5721.13 and 5721.18. R.C. 5721.13 provides, in pertinent part that:

> One year after certification of a delinquent land list, the county
> auditor shall make in duplicate a certificate, to be known as a delinquent
> land tax certificate, of each delinquent tract of land, * * * upon which the
> taxes, assessments, charges, interest, and penalties have not been paid,
> describing each tract of land or city or town lot in the same manner as it is

10.

described on the delinquent tax list and the amount of the taxes, assessments, charges, interest, and penalties due and unpaid, and stating that the amount has been certified to the county prosecuting attorney as delinquent. The certificate shall be signed by the auditor or his deputy, and the original certificate shall be filed with the prosecuting attorney.

R.C. 5721.13(A). Then, pursuant to R.C. 5721.18:

The county prosecuting attorney, upon the delivery * * * by the county auditor of a delinquent land or delinquent vacant land tax certificate, or of a master list of delinquent land or delinquent vacant tracts, shall institute a foreclosure proceeding under this section in the name of the county treasurer to foreclose the lien of the state, in any court with jurisdiction * * *, unless the taxes, assessments, charges, penalties, and interest are paid prior to the time a complaint is filed, or unless a foreclosure or foreclosure and forfeiture action has been or will be instituted under section 323.25, sections 323.65 to 323.79, or section 5721.14 of the Revised Code.

{¶ 19} Furthermore, "[t]he certificate or master list filed by the auditor with the prosecuting attorney is *prima-facie* evidence at the trial of the foreclosure action of the amount and validity of the taxes, assessments, charges, penalties, and interest appearing due and unpaid and of their nonpayment." R.C. 5721.18(A) (emphasis added).

11.

{¶ 20} Here, the record discloses that the Lucas County Prosecutor filed suit more than one year after Sheehan's property was certified delinquent (and after the delinquent tax contract between the parties was voided, due to the Sheehan's non-payment). Attached to the complaint was a "preliminary judicial report" that revealed Sheehan's land was listed on the "delinquent land list" for 2016. This report constitutes *prima-facie* evidence that there were delinquent taxes, assessments, charges, penalties, and interest associated with the Sheehan's property and that such delinquencies created a valid lien on the property. *Alt v. Pazmino-Stanfield*, 3d Dist. Seneca No. 13-17-34, 2018-Ohio-2346, ¶ 19 (Finding that the county treasurer established a prima facie case with the filing of a "preliminary judicial report"). Moreover, appellee updated the outstanding amount of charges owed with the filing of an affidavit of a deputy treasurer who attached a master list establishing that, as of November 30, 2017, the total amount due and owing on Sheehan's parcel was $8,289.03.

{¶ 21} Sheehan did not counter this evidence with any evidence under Civ.R. 56(E) to dispute that his taxes and related charges were delinquent or the stated amount. In fact, Sheehan "confirmed that the delinquency calculated by the County was, in fact, correct." (Memo in Opp. To Summary Judgment at 6). Instead, Sheehan raises a number of alternative arguments in support of his appeal, each of which we address below.

{¶ 22} In his third assignment of error, Sheehan argues that appellee breached its "fiduciary responsibilities" to him by failing to respond to his "requests for payment assistance and waivers of penalty and interest."

12.

{¶ 23} Appellee counters that it complied with its statutory obligation under R.C. 323.31(A) to "permit [Sheehan] to once enter a delinquent tax payment contract." Appellee presented the contract to Sheehan on August 12, 2015, after he became "delinquent," as that term is defined under R.C. 323.01(E). Sheehan offers no evidence that he was entitled to a repayment contract prior to that date, much less that appellee had the authority to waive penalties or interest. Indeed, as noted by appellee, it is the duty of the auditor, not the treasurer, to assess the value of each parcel and to determine the amount due. *See, generally,* R.C. Chapters 5705 and 5713. Appellee has a corresponding duty to send out property tax bills and to collect the taxes. *See generally* R.C. Chapters 323 and 5721.

{¶ 24} In any event, with respect to his claim that appellee breached a fiduciary duty, Sheehan failed to raise that argument in the trial court, and he may not do so now. *State ex rel. Afjeh v. Ottawa Hills*, 6th Dist. Lucas No. L-03-1159, 2004-Ohio-1968, ¶ 23. Moreover, even if he could, Sheehan failed to establish that appellee owed him a fiduciary duty. A "fiduciary duty" is "[a] duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person." *Black's Law Dictionary* 625 (6th Ed.1990); *see, e.g., Strock v. Pressnell*, 38 Ohio St.3d 207, 216, 527 N.E.2d 1235 (1988). A claim of a breach of a fiduciary duty is basically a claim of negligence with a higher standard of care. In any claim for negligence, the claimant must show the existence of a duty. *Id.* In the absence of any evidence that appellee owed Sheehan a fiduciary duty, his claim fails as a matter of law. *Waffen v. Summers*, 6th Dist.

13.

Ottawa No. OT-08-034, 2009-Ohio-2940, ¶ 41 ("A claim for breach of fiduciary duty necessarily fails when no fiduciary duty exists."). For all of these reasons, Sheehan's third assignment of error is not well-taken.

{¶ 25} In his fourth assignment of error, Sheehan complains that it was "unconscionable" of appellee to present the "Delinquent Payment Plan contract on one side of the desk and the foreclosure papers on the other side." Sheehan claims that he signed the repayment plan under "duress" to "avoid [the] loss of his homestead."

{¶ 26} A claim of "economic duress" requires a showing by the victim that he was subjected to "a wrongful or unlawful act or threat and that it deprived the victim of his unfettered will." (Internal quotations omitted). *Blodgett v. Blodgett*, 49 Ohio St. 3d 243, 245-246, 551 N.E.2d 1249 (1990), citing 13 Williston on Contracts (3 Ed.1970) 704, Section 1617. Further, "[m]erely taking advantage of another's financial difficulty is not duress. Rather, the person alleging financial difficulty must allege that it was contributed to or caused by the one accused of coercion." *Id.*

{¶ 27} In this case, Sheehan has argued consistently that his financial difficulties were caused by the economic downturn that began in 2008, not by any "wrongful or unlawful acts" by appellee. Moreover, while Sheehan may have felt "threatened" that foreclosure proceedings would be instituted if he did not accept the terms of the repayment contract, we point out that the tax foreclosure process is controlled by statute. Thus, it is the county prosecutor who, upon receiving the master list from the county auditor, "shall institute a foreclosure proceeding * * * in the name of the county

14.

treasurer." R.C. 5721.18. In other words, the delinquent tax contract offered Sheehan an opportunity to prevent, or at least to forestall, the initiation of foreclosure proceedings that were otherwise statutorily required. For these reasons, we reject Sheehan's duress claim, and we find his fourth assignment of error not well-taken.

{¶ 28} In his fifth assignment of error, Sheehan alleges that, at the time the parties executed the delinquent tax contract, appellee breached its promises to "consider" waiving Sheehan's obligation to pay penalties and interest and to provide a "timely accounting of the disputed balance."

{¶ 29} The parol evidence rule bars evidence suggesting that there existed any implied contract altering the provisions of the delinquent tax contract. Any conversation that occurred before the parties entered into a written contract on August 12, 2015 is subject to the parol evidence rule. The rule provides that, "'absent fraud, mistake, or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" *Galmish v. Cicchini*, 90 Ohio St.3d 22, 26, 734 N.E.2d 782 (2000), quoting 11 Williston on Contracts, (4 Ed.1999) 569-570, Section 33:4. Accordingly, extrinsic evidence cannot contradict the unambiguous terms of a final, written agreement. *Id.*

{¶ 30} By operation of the parol evidence rule, Sheehan's claim—that appellee made additional promises not set forth in the delinquent tax contract—fails as a matter of law. Therefore, we find Sheehan's fifth assignment of error not well-taken.

{¶ 31} Finally, Sheehan claims that he never agreed to the calculations set forth in the 2015 delinquent tax contract. Therefore, in January of 2017, after making 17 of the 24 payments, Sheehan stopped paying. According to Sheehan, in April and again in early July of 2017, he demanded an explanation from appellee as to "what was owed and how the balance [was] calculated." In his sixth assignment of error, appellee alleges that while in "discussions" with appellee, appellee "deceived" Sheehan into believing that it would renegotiate the terms of the contract, while "all along" appellee was "plann[ing] to file the foreclosure action."

{¶ 32} Pursuant to R.C. 323.31(A)(6) and (7), once a delinquent tax contract is voided due to non-payment, the prosecuting attorney "shall institute a proceeding to foreclose the lien of the state in accordance with * * * R.C. 5721.18," which is exactly what happened in this case. Sheehan's decision to discontinue paying on the contract resulted in the prosecutor, not appellee, instituting this statutorily-mandated action. Sheehan's sixth assignment of error is not well-taken.

## Conclusion

{¶ 33} In response to appellee's properly supported motion for summary judgment, Sheehan produced no evidentiary materials controverting any of that evidence. The arguments made by Sheehan in his appellate brief do not present a basis to reverse the trial court's summary judgment.

{¶ 34} We find that there was sufficient evidence in the record to allow the trial court to enter a judgment of foreclosure and to order a sheriff's sale of the property under

16.

R.C. 5721.18 and 5721.19.  Therefore, we find that the trial court did not err in granting summary judgment in favor of appellee, and we further find that Sheehan's assignments of error are not well-taken.  The July 20, 2018 judgment of the Lucas County Court of Common Pleas is affirmed.  Sheehan is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         

_____
JUDGE

Arlene Singer, J.         

_____
JUDGE

Christine E. Mayle, J.         
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.