KNIEF et al., Appellants,

v.

MINNICH et al., Appellees.*   (Two Cases.)

[Cite as *Knief v. Minnich* (1995), 103 Ohio App.3d 103.]

Court of Appeals of Ohio,
Third District, Logan County.

Nos. 8–94–20, 8–94–21.

Decided April 12, 1995.

---

* Reporter's Note:  A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 73 Ohio St.3d 1453, 654 N.E.2d 989.

104

*Daniel E. Shifflet & Co., L.P.A.,* and *Daniel E. Shifflet,* for appellants.

*Lane, Alton & Horst, Rich E. Marsh* and *T. Jeffery Beausay,* for appellee Michael G. Minnich.

*Freund, Freeze & Arnold* and *Neil F. Freund,* for appellees Smith, Smith & Montgomery.

EVANS, Judge.

This is an appeal by the plaintiffs-appellants, Farrell and Timothy E. Knief, from a summary judgment granted in favor of the defendants-appellees, Michael G. Minnich and the law firm of Smith, Smith & Montgomery, by the Court of Common Pleas of Logan County.

This action arose out of a complaint for divorce filed by Patricia Knief against her husband, Brian Knief, who was a twenty-five-percent partner in the profits of a dairy farming operation owned by his father, Farrell Knief. Timothy Knief is Farrell Knief's older son, who is also a twenty-five percent partner in the profits of the operation. After Brian and Patricia were divorced, Farrell and Timothy Knief filed separate complaints against Patricia's divorce attorney, Michael Minnich, and against his former employer under the theory of *respondeat superior,* alleging that, because of a temporary restraining order which had been issued against them in the divorce action, they incurred attorney fees, suffered emotional distress and humiliation, and were denied the use of their own assets, causing them to lose profits and income. The complaints asserted theories of liability for intentional infliction of emotional distress, malicious prosecution, abuse of process, and fraud in the obtaining of the restraining order. The plaintiffs' cases were consolidated by the trial court.

On July 29, 1993, appellees filed motions for summary judgment, asserting in a single supporting memorandum that, following consideration of the relevant facts of the divorce action, Minnich had sought and obtained a temporary restraining

order to prevent Brian Knief and his farming partners from disposing of or encumbering any of Brian and Patricia's marital assets while the divorce was pending. In his deposition, taken by appellants, Minnich explained the rationale for his actions as follows:

" * * * [T]here was a dispute as to whether Timothy Knief, Brian Knief, and Farrell Knief farmed as a partnership and owned assets individually or owned them collectively as a partnership. Secondly, we knew that $65,000 had been transferred on the morning of the separation, from Brian Knief to Farrell Knief, and without any explanation to us. Thirdly, Brian Knief in October 1990 sat in my office and said that that $65,000 transfer was a mistake that he [had] made, [and] that he could correct the mistake and get the money back from his father in order to settle the case. He admitted that it was wrong and he was sorry that he had done it. We also knew that Brian Knief, after retaining Mr. Bailey, had given a mortgage on 20 acres of land that Brian owned to his mother and father for I believe about $23,000.

" * * * We knew that Brian had said that in later testimony that the land, that mortgage was for an antecedent debt and he had, to my knowledge from what I was told, that Brian Knief had purchased the land for no fee from his mother and father, it was a gift. We also knew that the equipment that Brian Knief owned as disclosed by the 1989 tax returns, that equipment to my knowledge was unmortgaged until posturing for the divorce case at which time it was pledged two different times to Bank One Sidney, NA. I believe those are all facts. There may be others."

Based upon the parties' memoranda, the depositions, the affidavits submitted in support of and in opposition to appellees' motions for summary judgment, and the applicable law, the trial court granted the motion and entered judgment in favor of the appellees. The Kniefs have appealed the trial court's judgment, asserting four assignments of error, each based upon one of the theories of liability set forth in the complaints.

## I

"The court of common pleas erred by granting summary judgment against plaintiffs' claim of abuse of process when genuine issues remained as to material facts."

■■■ The trial court granted summary judgment on appellants' abuse of process claim, finding that there existed no facts in the case to support such a claim. To support a claim of abuse of process, a claimant must show that the defendant has "maliciously misuse[d] legal process to accomplish some purpose not warranted by law." *Clermont Environmental Reclamation Co. v. Hancock*

(1984), 16 Ohio App.3d 9, 11, 16 OBR 9, 11, 474 N.E.2d 357, 361. The Supreme Court of Ohio has set forth the three elements of the tort of abuse of process as follows: "(1) * * * a legal proceeding has been set in motion in proper form and with probable cause; (2) * * * the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) * * * direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.* (1994), 68 Ohio St.3d 294, 626 N.E.2d 115, paragraph one of the syllabus.

■ Appellants claim that Minnich committed abuse of process by obtaining a temporary restraining order against them because he only did so in an effort to "extort" a divorce settlement from them on behalf of his client, Patricia Knief. However, the only evidence submitted in support of their contention is the deposition testimony of their attorney, who stated that Minnich had made a demand to settle the divorce which he believed was unreasonably high. In support of the motion for summary judgment, however, appellees provided the deposition testimony of Minnich, wherein he set forth his reasons for obtaining the restraining order. As we noted, *supra*, Minnich had a reasonable belief that partnership assets, some of which were the marital assets of Brian and Patricia Knief, had been or would be transferred or concealed. Therefore, appellants have failed to demonstrate that obtaining the restraining order was an attempt to accomplish an ulterior purpose. Thus, appellees were entitled to summary judgment as a matter of law on appellants' abuse of process claim. The first assignment of error is overruled.

## II

"The court of common pleas erred by granting summary judgment against plaintiffs' claim of fraud when genuine issues remained as to material facts."

In support of their fraud claim, appellants assert that appellees obtained the restraining order against appellants by perpetrating a fraud upon the court, that is, that appellee Minnich must have made fraudulent statements in support of his request for the order. This assumption is unsupported by any facts in the record.

■ In the judgment entry appealed from herein, the trial court determined that appellants failed to assert facts which would support their claim that appellees perpetrated a fraud against them. The court then found that the appellants' claim was, essentially, one for attorney malpractice. However, based upon *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, the trial court determined that there existed no relationship between appellants and Minnich which would give rise to a duty on the part of Minnich to refrain

from injuring appellants. While we do not agree that this is an action in malpractice, we do find that the trial court properly granted summary judgment against appellants on their fraud claim, since appellants introduced no evidence to support their allegation of fraud. The second assignment of error is overruled.

### III

"The court of common pleas erred by granting summary judgment against plaintiffs' claim of intentional infliction of emotional distress when genuine issues remained as to material facts."

The Ohio Supreme Court has declared that, absent contemporaneous physical injury, compensable emotional distress must be severe and disabling. See *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, paragraph three of the syllabus. Furthermore, recent cases following *Paugh* have ruled that plaintiffs claiming severe and debilitating emotional injury must present some guarantee of genuineness in support of their claim, such as expert evidence, to prevent a court from granting summary judgment in favor of the defendant. See, *e.g., Grote v. J.S. Mayer & Co.* (1990), 59 Ohio App.3d 44, 48, 570 N.E.2d 1146, 1150. Appellants have submitted no evidence to support their claim that they have suffered severe and debilitating psychic injury as a result of the restraining order issued against them. Although the appellants have expressed frustration and anger, neither of them sought medical or psychological treatment or counsel in order to cope with their frustration, which neither of them maintain was severe or debilitating. Therefore, the claim is not supported by any facts in the record. The third assignment of error is overruled.

### IV

"The court of common pleas erred by granting summary judgment against plaintiffs' claim of malicious prosecution when genuine issues remained as to material facts."

The Supreme Court has stated that "[t]he key consideration in a malicious civil prosecution action is whether probable cause was present initially to bring the previous suit * * *." *Yaklevich,* 68 Ohio St.3d at 300, 626 N.E.2d at 119. In support of their motion for summary judgment, appellees submitted Minnich's deposition wherein he testified that he requested the temporary restraining order against appellants after learning that Brian Knief was a partner in the farming operation of his father, and that marital assets had been transferred within the partnership. Indeed, we find that Minnich would have been remiss in his duty to his client, Patricia Knief, had he failed to take action to prevent the concealment of marital assets to which she may have been entitled in

the division of marital property upon the granting of her divorce from Brian Knief. Appellants failed to introduce any evidence that Minnich's actions in obtaining the order were wrongful. Therefore, we agree with the trial court that there is no material issue of fact as to whether Minnich maliciously and without probable cause obtained the restraining order.

Moreover, in July 1991, appellants were dismissed from the divorce action and the restraining order lifted, just five months after it was issued. Appellants filed this action fifteen months later, in October 1992. Therefore, appellants' complaint in malicious prosecution is also barred by the applicable statute of limitations, which requires that such suits to be brought within one year after the cause of action arises. R.C. 2305.11(A). The fourth assignment of error is overruled.

Having found no error prejudicial to the appellants herein, in any of the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.