[Cite as *CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96054**

## CITIMORTGAGE, INC.

APPELLEE,

v.

## HOGE,

APPELLANT, et al.

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-652519

**BEFORE:** Celebrezze, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 4, 2011

**ATTORNEYS:**

Manley Deas Kochalski, L.L.C., David F. Hanson, David B. Bokor, Matthew P. Curry, and John E. Codrea, for appellee.

James G. Dawson, for appellant.

FRANK D. CELEBREZZE, JR., Judge.

**{¶ 1}** Appellant, Cynthia Hoge (now known as Cynthia Gordon), brings the instant appeal challenging the trial court's grant of summary judgment in favor of appellee, CitiMortgage, Inc., in a foreclosure action. After a thorough review of the record and law, we affirm.

**{¶ 2}** Appellant sought to refinance her home mortgage in 2005. She found what she thought was favorable financing through American Equity Mortgage ("AEM"). On January 9, 2006, she executed a note and mortgage to AEM in the amount of $85,500. Later, this note and mortgage were assigned to CitiFinancial Mortgage Company, Inc., and assigned again to its successor by merger, CitiMortgage. Appellant alleges that AEM represented to her that her monthly payment would be $680 per month, but failed to inform her that this did not include real estate taxes and insurance, which brought the monthly payment to $872. She also alleges that AEM did not provide her with loan documents at least three days before closing.

**{¶ 3}** Prior to December 27, 2007, CitiMortgage alleged that appellant became delinquent on her payments, and on that date, it filed a complaint in foreclosure. Appellant sought four extensions of time to research the loan documents, find an attorney, and draft a response and counterclaims before filing an answer. Finally, on September 2, 2008,

3

appellant filed an answer and counterclaim, which the trial court accepted. Appellant asserted claims of fraud and misrepresentation, violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), and intentional infliction of emotional distress.

{¶ 4} CitiMortgage moved for summary judgment on February 2, 2009, and appellant twice moved for an extension of time before filing a motion to dismiss the complaint. In this motion, appellant alleged that CitiMortgage did not have standing to bring its action. A hearing was held regarding this motion, and on March 26, 2010, the magistrate found that CitiMortgage had standing and overruled appellant's motion. On that same date, the magistrate also granted CitiMortgage's motion for summary judgment even though appellant had not filed a response. After various procedural irregularities resulted in a prior dismissed appeal and adoption of the magistrate's decision by the trial court, appellant perfected the instant appeal, assigning two errors for our review.

## Law and Analysis

### Period of Time to Respond to Summary Judgment

{¶ 5} Appellant first argues that "[t]he trial court erred to the prejudice of the appellant and abused its discretion by denying appellant the opportunity to respond to the merits of appellee's motion for summary judgment."

{¶ 6} The Rules of Civil Procedure provide a means to terminate clearly unmeritorious litigation at an early stage through summary judgment. Civ.R. 56. According

4

to Civ.R. 56(C), a summary-judgment motion "shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, *timely filed in the action*, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added.) Loc.R. 11(I) of this jurisdiction gives a party 30 days within which to file a motion opposing summary judgment and makes judgment upon the pleadings the default method of hearing unless otherwise stated by the trial court.

{¶ 7} Appellant argues that she was denied an opportunity to respond to CitiMortgage's summary-judgment motion. However, over a year passed between the time the motion was filed and the magistrate's ruling. Appellant asserts that she asked the trial court to extend the time for filing her response until after a ruling on the motion to dismiss, but nothing in the record demonstrates that appellant was prevented from filing her response. The trial court never ruled on appellant's motions to expand the time in which to respond, and "[w]hen a trial court fails to rule on a motion, the motion is considered denied." *State v. Pate*, Cuyahoga App. No. 95382, 2011-Ohio-1692, ¶33, citing *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 351-352, 457 N.E.2d 858; *Georgeoff v. O'Brien* (1995), 105 Ohio App.3d 373, 378, 663 N.E.2d 1348.

5

**{¶ 8}** The trial court did not deprive appellant of an opportunity to oppose summary judgment, and the case law she points to is not applicable to her case. In those cases,[1] the trial courts ruled on motions for summary judgment before the period set by the applicable civil rule, by local rule, or by the court had expired. In each case, the reviewing court reversed that determination to give the parties an opportunity to respond.

**{¶ 9}** Although appellant requested a 30-day extension from the time the trial court ruled on her motion to dismiss to file a response, that motion was impliedly denied when the court had not ruled on it.

**{¶ 10}** In some cases, where additional discovery is required to adequately respond to a summary-judgment motion, the trial court should allow more time so this discovery can be completed. *Tucker v. Webb Corp.* (1983), 4 Ohio St.3d 121, 447 N.E.2d 100. However, appellant's motion set forth no such need. The February 9, 2010 motion for an extension asserted only that the additional time was required because her attorney was busy. The final request for an extension of time did not include any reason why an additional 30 days from the time the court ruled on appellant's motion to dismiss was necessary.

**{¶ 11}** This court has previously held that "[i]f a party opposing a motion for summary judgment cannot present by affidavit facts which are sufficient to justify his opposition he may seek a continuance or deferral of the court's action on the motion by filing affidavits

---

[1] *Raben Tire Co. v. K&G Contracting Servs.*, Sandusky App. No. S-09-017, 2009-Ohio-6256; *Willis & Linnen Co. L.P.A. v. Linnen*, 163 Ohio App.3d 400, 2005-Ohio-4934, 837 N.E.2d 1263; *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648; *Harbor View v. Jones*, Franklin App. Nos. 10AP-356 and 10AP-357, 2010-Ohio-6533.

which must state sufficient reasons why he cannot then present by affidavit facts essential to justify his opposition to the motion and why or how the continuance, deferral of action, or discovery would permit him to obtain such facts." *Gates Mills Inv. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 392 N.E.2d 1316, paragraph two of the syllabus. A motion pursuant to Civ.R. 56(F) must set forth the reasons justifying delay. Appellant's motions failed to do so.

{¶ 12} Appellant also failed to request that the trial court rule on her motions for extension of time or her motion to dismiss. While CitiMortgage did twice request such action, appellant sat by and waited for a year while nothing happened in the case. All that is required to preserve appellant's due process rights is sufficient notice of the filing of the motion for summary judgment and sufficient opportunity to prepare a response. *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 139, 610 N.E.2d 507, citing Civ.R. 56(C). According to CitiMortgage's calculation, appellant had 414 days to respond. This is a sufficient time under Civ.R. 56(C) when appellant advanced no extenuating circumstances justifying the failure to respond in that time.

{¶ 13} Appellant's first assignment of error is overruled.

### Grant of Summary Judgment

{¶ 14} The fact that no response was filed should not automatically lead to the granting of CitiMortgage's motion. *Rose v. Natl. Mut. Ins. Co.* (1999), 134 Ohio App.3d 229, 730 N.E.2d 1014. CitiMortgage still has the burden of showing that no genuine issue of

material fact exists, and it must carry that burden whether or not a response is filed. Id. See also *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. This is the foundation of appellant's second assignment of error, in which she argues that "[t]he trial court erred to the prejudice of the appellant and abused its discretion by granting appellee's motion for summary judgment where, pursuant to Civ.R. 56(C), there are clearly genuine issues of material facts and the appellee is not entitled to judgment as a matter of law."

{¶ 15} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc*. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.

{¶ 16} Although appellant argues that the portion of CitiMortgage's brief justifying summary judgment based on appellant's answer and counterclaim is irrelevant, this court reviews the lower court's granting of summary judgment de novo. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "[T]he reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. *

8

* * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24.

### a. The Foreclosure Claim

**{¶ 17}** In CitiMortgage's motion for summary judgment, it argued that appellant was delinquent on her mortgage, that it notified her pursuant to the instrument that it was accelerating her payments so the entire outstanding balance was due, and that no payment was forthcoming. It also established that it was the holder and owner of the note and mortgage and that the outstanding balance was $84,369.83. "It is well settled that a mortgagee is entitled to judgment after there has been a default on the conditions of the mortgage and the debt as evidenced by the note having been accelerated." *Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902, 935 N.E.2d 70, ¶ 20, citing *Bank One, N.A. v. Swartz*, Lorain App. No. 03CA008308, 2004-Ohio-1986, ¶ 18.

**{¶ 18}** As a defense, appellant alleged that AEM had committed fraud during the origination of the note and mortgage. CitiMortgage claims that it was not the loan originator and did not participate in the original transaction. However, "the assignee of a contract takes that contract with all rights of the assignor and subject to all defenses that the obligor may have had against the assignor." *Citizens Fed. Bank, F.S.B. v. Brickler* (1996), 114 Ohio App.3d 401, 410, 683 N.E.2d 358.

**{¶ 19}** "The default rule for consumer and commercial mortgages alike is that a mortgage lender's assignee takes subject to the claims and defenses that the borrower might

9

assert against the original lender." Peterson, Predatory Structured Financing, 28 CDZLR 2185, 2233, citing 4; Corbin on Contracts (1996) 892, 892A; 3 Williston on Contracts (1960) 432; Farnsworth on Contracts (2d Ed.1990) 11.8. This is subject to two limitations embodied in the ability to draft waiver-of-defense clauses in contracts and the "holder in due course" rule.[2] Id. A holder in due course takes free of certain claims and defenses that a party may assert against the originator of the mortgage. *Countrywide Home Loans Servicing, L.L.P. v. Heck*, Ottawa App. No. OT-10-011, 2011-Ohio-147, ¶12.

{¶ 20} R.C. 1303.35(A)(1)(c) provides that fraud is still a valid defense even against a holder in due course.[3] In asserting her fraud defense, appellant alleged that AEM did not include the payment of taxes and insurance in the stated monthly payment and that CitiMortgage was liable for this fraud and misrepresentation through 16 C.F.R. 433.2(a). CitiMortgage correctly pointed out that this regulation does not apply to real estate transactions. After CitiMortgage demonstrated that it was entitled to judgment, appellant had a burden to produce evidence that a genuine issue of material fact existed to preclude summary judgment, and, based on the documents and pleadings before the court, appellant

---

[2] A holder in due course is defined as one who takes an "instrument when issued or negotiated to the holder [that] does not bear evidence of forgery or alteration that is so apparent, or is not otherwise so irregular or incomplete as to call into question its authenticity; [and] (a) For value; (b) In good faith; (c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series; (d) Without notice that the instrument contains an unauthorized signature or has been altered * * *." R.C. 1303.32.

[3] Appellant asserted only that CitiMortgage was liable for the actions of the loan originator as an assignee based on 16 C.F.R. 433.2(a).

failed to do this. CitiMortgage was entitled to summary judgment as a matter of law on its foreclosure claim based on the record before the court.

### b. The Counterclaims

**{¶ 21}** Regarding appellant's counterclaim, CitiMortgage demonstrated in its motion for summary judgment that it was entitled to judgment as a matter of law. Appellant's first claim was for fraud and misrepresentation that allegedly occurred during the loan origination.

**{¶ 22}** "A claim for common-law fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

**{¶ 23}** " 'Failure to specifically plead the operative facts constituting an alleged fraud presents a defective claim * * *. The "particularity" requirement of Civ.R. 9(B) means that the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud.' *Rieger v. Podeweltz*, Montgomery App. No. 23520, 2010-Ohio-5290, 2010 WL 2225398, ¶ 9." (Citations omitted.) *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574, ¶ 49-50.

11

**{¶ 24}** Appellant failed to support her claim for fraud with specific facts. Therefore, the trial court could properly grant CitiMortgage summary judgment.

**{¶ 25}** With respect to the federal claims, TILA actions carry a one-year statute of limitations. 15 U.S.C. 1640(e) (TILA actions must be brought "within one year from the date of the occurrence of the violation."). RESPA has one- to three-year limitations periods depending on the specific violation. 12 U.S.C. 2614. Actions based on violations of 12 U.S.C. 2607 (kickbacks and unearned fees) and 2608 (seller requiring title insurance from a specific title company) must be brought within one year, while violations of 12 U.S.C. 2605 (servicing of mortgage loans and administration of escrow accounts) must be brought within three years. Since the alleged violations occurred on or about January 2006, appellant's TILA and RESPA claims could be barred by the applicable statutes of limitation. However, when asserted as a defense or claim for recoupment,[4] according to *Beach v. Ocwen Fed. Bank* (1998), 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566, TILA claims may be raised regardless of the one-year statute of limitations. "Prior to *Beach*, Ohio courts similarly held that a TILA counterclaim arising out of the same transaction as the claim (the loan agreement) was not barred by the one year statute of limitations since it was a recoupment." *Residential Funding Co., L.L.C. v. Thorne,* Lucas App. No. L-09-1324, 2010-Ohio-4271,

---

[4] Defined as "[t]he right of a defendant to have the plaintiff's claim reduced or eliminated because of the plaintiff's breach of contract or duty in the same transaction." Black's Law Dictionary (9th Ed.Rev.2009). Further, it is a defense only; it will not support affirmative relief. *Continental Acceptance Corp. v. Rivera* (1976), 50 Ohio App.2d 338, 346, 363 N.E.2d 772.

¶ 39. Appellant never argued that this was a recoupment claim or defense or that the TILA claim was not time-barred.

**{¶ 26}** Even if the claims were timely brought, this does not create a genuine issue of fact because appellant points only to 16 C.F.R. 433.2 as imposing liability on CitiMortgage, an assignee. This regulation deals only with the "sale or lease of goods or services to consumers." The sale and financing of real property is not covered. Therefore, appellant has not demonstrated that CitiMortgage is liable for alleged TILA or RESPA violations committed by the loan originator.

**{¶ 27}** Congress specifically limited assignee liability in TILA. 15 U.S.C. 1641(a) states: "[A]ny civil action for a violation of this subchapter or proceeding under Section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary."[5] See also Kelley, Assignee Liability: Through the Minefield (2007), 61 CONFLQR 279, 280. Appellant has failed to argue that the alleged violations were clear on the face of the instruments necessary to impose liability under TILA, how the statutory provisions of RESPA and TILA were violated, and how they apply to CitiMortgage.

**{¶ 28}** Appellant also asserted a claim of intentional infliction of emotional distress. "The Ohio Supreme Court has declared that, absent contemporaneous physical injury,

---

[5] Ohio has a similar provision for violations of the Consumer Sales Practices Act, R.C. 1345.091, which significantly limits liability of assignees.

compensable emotional distress must be severe and disabling." *Knief v. Minnich* (1995), 103 Ohio App.3d 103, 108, 658 N.E.2d 1072, citing *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 451 N.E.2d 759, paragraph three of the syllabus. Cases following *Paugh* have required a plaintiff to "present some guarantee of genuineness in support of their claim, such as expert evidence, to prevent a court from granting summary judgment in favor of the defendant." *Knief* at 108, citing *Grote v. J.S. Mayer & Co.* (1990), 59 Ohio App.3d 44, 48, 570 N.E.2d 1146. Here, appellant has not offered any "guarantee of genuineness" that she has, in fact, suffered debilitating emotional distress of the type compensable in Ohio. See *Hayes v. Heintz*, Cuyahoga App. No. 79335, 2002-Ohio-2608.

{¶ 29} Therefore, the trial court did not err in granting summary judgment to CitiMortgage on appellant's counterclaims. Appellant's second assignment of error is overruled.

Judgment affirmed.

STEWART, P.J., and ROCCO, J., concur.

14