[Cite as *Chase Home Fin., L.L.C. v. Pfaffl*, 2016-Ohio-2621.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| CHASE HOME FINANCE, LLC, | : | APPEAL NO. C-150483 |
|  |  | TRIAL NO. A-0904243 |
| Plaintiff-Appellee, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
| SUSAN M. PFAFFL, | : |  |
| and | : |  |
| JOSEPH PFAFFL, | : |  |
| Defendants-Appellants, | : |  |
| and | : |  |
| RICHARD ROE, | : |  |
| and | : |  |
| DANIEL M. HENDY, | : |  |
| Defendants. | : |  |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 22, 2016

*Blank Rome, LLP, Chrissy M. Dunn* and *John R. Wirthlin*, for Plaintiff-Appellee,

*Ivan L. Tamarkin*, for Defendants-Appellants.

Please note:  this case has been removed from the accelerated calendar.

SYLVIA S. HENDON, Judge.

{¶1} Defendants-appellants Susan and Joseph Pfaffl have appealed from the trial court's grant of summary judgment to plaintiff-appellee Chase Home Finance, LLC, ("Chase") in a foreclosure action that Chase had filed against the Pfaffls. Because the trial court's grant of summary judgment to Chase was proper, we affirm its judgment.

### Factual Background

{¶2} On April 16, 2007, Susan Pfaffl signed an adjustable rate promissory note, issued by Chase Bank USA, N.A., in the amount of $825,000. The note was secured by a mortgage on the Pfaffls' property located at 9077 East Kemper Road in Cincinnati. That same day, the note was assigned to Chase, and Susan Pfaffl executed a document acknowledging the assignment. The mortgage on the Pfaffls' property was recorded on August 14, 2007, and assigned to Chase on April 23, 2009.

{¶3} The Pfaffls defaulted on their payments due to Chase under the note, and on April 28, 2009, Chase filed a complaint for foreclosure against the Pfaffls seeking judgment in the amount of $816,548.27 plus interest at a rate of 9.125 percent from November 1, 2008. In their answer, the Pfaffls denied being in default on the note, and raised the following affirmative defenses: the loan issued by Chase was predatory; the loan had been fraudulently obtained; Chase had failed to comply with a forbearance agreement; Chase had unclean hands; the notary signature on the mortgage was different than the typed name of the notary who had witnessed the Pfaffls sign the mortgage; and Chase had executed the loan knowing that the Pfaffls would be unable to pay the associated fees and expenses.

2

{¶4}  Chase moved for summary judgment.  After determining that Chase had failed to prove that it was a holder in due course and that genuine issues of material fact existed as to whether Chase Bank USA had perpetrated fraud against the Pfaffls at closing, a magistrate with the Hamilton County Court of Common Pleas denied Chase's motion for summary judgment on July 21, 2010.  Chase filed objections to the magistrate's decision on August 5, 2010.

{¶5}  On May 7, 2013, the trial court issued a decision sustaining Chase's objections to the magistrate's decision and granting summary judgment to Chase. The decision additionally remanded the case to the magistrate for further proceedings.  But no further action was taken in the case until July 20, 2015, when the trial court issued a final judgment granting Chase summary judgment and awarding Chase judgment on the note in the amount of $816,548.27 plus interest at a rate of 9.125 percent per annum from November 1, 2008.

{¶6}  The Pfaffls have appealed from the trial court's final judgment entry, raising two assignments of error for our review.

### Summary Judgment

{¶7}  In their first assignment of error, the Pfaffls argue that the trial court erred in granting Chase's motion for summary judgment.  We review a trial court's grant of summary judgment de novo. *See Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exists no genuine issues of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is

adverse to that party. *See State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶8} The Pfaffls specifically argue that summary judgment was improper because genuine issues of material fact existed with respect to whether Chase had committed fraud when executing the loan, whether the note was unconscionable, and whether the loan could be rescinded because the Truth-in-Lending Act had been violated. Our resolution of these arguments depends on whether Chase was a holder in due course, or just a holder, of the note.

{¶9} Generally, when a negotiable instrument is assigned to a subsequent lender, that lender takes the instrument subject to any claims and defenses that the borrower could assert against the original lender. *See CitiMortgage Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839, 962 N.E.2d 327, ¶ 19 (8th Dist.). But an exception to this general rule arises if the subsequent lender is a holder in due course. *Id.* A holder in due course takes a negotiable instrument free of the claims and defenses that existed between the original parties to the documents. *See Calvary Invest., L.L.C. v. Vonderheide*, 1st Dist. Hamilton No. C-010359, 2001 Ohio App. LEXIS 5035, *9 (Nov. 9, 2001).

{¶10} A holder becomes a holder in due course "if the holder takes the instrument (1) for value; (2) in good faith; (3) and without notice of any claims or defenses otherwise available to the person obligated on the instrument or of various defects in the instrument." *Firstar Bank, N.A. v. First Serv. Title Agency*, 1st Dist. Hamilton No. C-030641, 2004-Ohio-4509, ¶ 9. At issue here is whether Chase took the note without notice of any defects in the instrument, specifically whether it had knowledge of the Pfaffls' default at the time that the note was acquired. Chase

received the note by assignment on April 16, 2007. At that time, the Pfaffls were not in default on the note. Consequently, we hold that Chase took the note without notice of any defects in it, and that it was a holder in due course of the note.

{¶11} As a holder in due course, Chase took the note free of the claims and defenses asserted by the Pfaffls. Consequently, we hold that the trial court did not err in granting Chase's motion for summary judgment. The first assignment of error is overruled.

### Civ.R. 53

{¶12} In their second assignment of error, the Pfaffls argue that the trial court failed to act in accordance with Civ.R. 53.

{¶13} Although Chase filed objections to the magistrate's decision in August of 2010, the trial court did not overrule the objections until May of 2013, and then did not enter a final judgment in the action until July of 2015. The Pfaffls contend that, pursuant to Civ.R. 53(D)(4)(e)(i), the trial court was required to rule on Chase's objections within 28 days. But the Pfaffls' argument is belied by the language of the rule. Civ.R. 53(D)(4)(e)(i) concerns the judgment entered by the trial court when ruling on objections to a magistrate's decision. It provides that

> The court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired. If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of

5

execution of the judgment until the court disposes of those objections

and vacates, modifies, or adheres to the judgment previously entered.

Nothing in this rule requires the trial court to rule on objections to a magistrate's decision within 28 days.

{¶14} The Pfaffls further argue that the trial court failed to undertake an independent review of the matters objected to by Chase, as is required by Civ.R. 53(D)(4)(d). This provision states that if objections are filed to a magistrate's decision, the trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." While the trial court did not provide reasons in support of its decision to sustain Chase's objections to the magistrate's decision, the record is clear that it had conducted an independent review. In its May 7, 2013 entry sustaining Chase's objections, the trial court stated that it had considered the filed objections and the other pleadings in the case. And in its final judgment entry issued on July 20, 2015, the court stated that it had conducted an independent review and had determined that Chase was entitled to summary judgment.

{¶15} We find that the trial court complied with the requirements of Civ.R. 53. The Pfaffls' second assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

FISCHER, P.J., and CUNNINGHAM, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.